**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Brian Patrick Spenser PERCEVAL,
Defendant-Appellant.**

No. 85–2690.

United States Court of Appeals,
Tenth Circuit.

Oct. 17, 1986.

Robert E. Mydans (William S. Price, U.S. Atty., with him on brief), Asst. U.S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Kenneth C. Watson, Oklahoma City, Okl., for defendant-appellant.

Before BARRETT, SETH and ANDERSON, Circuit Judges.

BARRETT, Circuit Judge.

Brian Patrick Spenser Perceval (Perceval), appeals his conviction of possessing a weapon or object that could be used as a weapon while a federal inmate in violation of 18 U.S.C. § 1791(a)(2).

On July 9, 1985, Perceval, who is incarcerated at the Federal Correctional Institution in El Reno, Oklahoma, was working in the machine shop of the prison where he had been assigned the position of welder. The machine shop supervisor stepped out of the shop for a moment and when he returned he observed Perceval sawing an unauthorized piece of steel on the band saw. Perceval noticed the supervisor looking at him, and he attempted to hide the piece of steel in a slot in the saw table. The supervisor approached the table and removed the object, which was eight inches long, had a four inch blade, and was sharpened to a point.

Perceval admitted that he made the object and that it looked like a knife, but contended that it was to be used as a tool to assist him in the shop. In spite of Perceval's assertions, there were standard tools in the shop that could have been used for the same purposes for which he claimed he was sharpening the steel. He did not attempt to use any of these other tools, however. Perceval knew that making or possessing such an object was forbidden by

prison regulations. Under the regulations, Perceval was permitted to make use of only a limited number of tools unless he was granted special authorization. He had no special authorization to make this "tool."

On appeal, Perceval raises the following issues: (1) the trial court erred in refusing to grant his motion to dismiss because the evidence was insufficient to sustain a conviction on the grounds that there was no intent; (2) what intent, if any, is required by one violating 18 U.S.C. § 1791; (3) the jury must be instructed that it must find beyond a reasonable doubt that the object in question was made by the appellant with the purpose of being used as a weapon or as a means of facilitating escape; and (4) whether the statute is vague and overly broad because there is no requirement of intent.

## I.

■ All of Perceval's arguments are variations on the question of intent. Perceval first contends that *a purpose to use an object as a weapon* is a required element of a § 1791(a)(2) violation. He argues he never intended to use the object he was sawing as a weapon and therefore he did not violate the statute which provides in pertinent part:

(a) Offense. —A person commits an offense if, in violation of a statute, or a regulation, rule, or order issued pursuant thereto—

(1) he provides, or attempts to provide, to an inmate of a federal penal or correctional facility—

\* \* \* \* \* \*

(B) any other weapon or object that may be used as a weapon or as a means of facilitating escape;

\* \* \* \* \* \*

(2) being an inmate of a Federal penal or correctional facility, he makes, possesses, procures, or otherwise provides himself with, or attempts to make, possess, procure, or otherwise

provide himself with, anything described in paragraph (1).

18 U.S.C. § 1791 (as amended Oct. 12, 1984, Pub.L. 98–473, Title II, § 1109(a), 98 Stat. 2147).

Perceval argues that the Government must prove beyond a reasonable doubt that he intended to use the object he was sharpening as a weapon. The statute itself requires less. It requires that Perceval possess or provide himself with an object that may be used as a weapon. "[B]eing an inmate of a Federal penal or correctional facility, *he makes, possesses, procures, or otherwise provides himself with, or attempts to make, possess, procure, or otherwise provide himself with,* anything described in paragraph (1)." 18 U.S.C. § 1791(a)(2) (emphasis added).

Perceval did admit to possessing and making an object that resembled a knife which, of course, may be used as a weapon. There was sufficient evidence presented by the Government at trial to prove that Perceval's conduct violated the statute.

## II.

In the alternative to his contention that intent is required by the statute, Perceval argues that it is unclear whether any intent must be shown because the statute is silent with respect to an intent requirement. Perceval is correct that the statute does not expressly contain an intent requirement. However, criminal statutes are generally to be construed to include an intent element. In the seminal case of *Morissette v. United States*, 342 U.S. 246, 263, 72 S.Ct. 240, 249–50, 96 L.Ed. 288 (1952), the Court held "mere omission [from the statute] of any mention of intent will not be construed as eliminating that element from the crimes denounced." *See also, Liparota v. United States*, 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) ("the failure of Congress explicitly and unambiguously to indicate whether *mens rea* is required does not signal a departure from this background assumption of our criminal law"). Supportive of the general proposition that the intent element has not been eliminated

even though the statute is silent, are the legislative history of the statute and the legal precedents established under section 1791's statutory predecessor.

Congress enacted the present version of section 1791 in 1984. The former statute and the present statute are not identical, but the provisions are essentially directed at the same conduct. Section 1791's predecessor prohibited:

> [Conveying] into such [federal penal or correctional] institution or from place to place therein, any firearm, weapon, explosive, or any lethal or poisonous gas or any other substance or thing designed to kill, injure, or disable any officer, agent, employee, inmate thereof, or [conspiring] so to do.... (18 U.S.C. § 1792 (current version at 18 U.S.C. § 1791).)

Although it was not expressly required, the previous statute had been construed to include an intent element. *See e.g., United States v. Swindler*, 476 F.2d 167, 169 (10th Cir.), *cert. denied*, 414 U.S. 837, 94 S.Ct. 183, 38 L.Ed.2d 72 (1973), ("The statute is silent on intent, but obviously criminal intent is an essential element."). It is presumed that Congress was aware of and adopted prior case law upholding the mental state element that had been read into the statute by reviewing courts, when it enacted the new version of the statute. *Lorillard v. Pons*, 434 U.S. 575, 581, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1978), ("where ... Congress adopts a new law incorporating sections of a prior law, Congress normally can be presumed to have had knowledge of the interpretation given to the incorporated law, at least insofar as it affects the new statute.").

Even though Perceval professes confusion about an intent requirement, he acknowledges that some type of intent must be required under the statute when he argues that intent can only be established if his purpose in making the object was to use it as a weapon. Other than pointing out that there can be no such thing as a weapon *per se* and that the Model Penal Code suggests purpose as one of several general levels of intent, (in substitution for the old

concepts of general and specific intent), Perceval provides no support as to why this court should hold that the "purpose standard" was the standard intended by Congress. He makes no attempt to refute the evidence indicating that Congress contemplated a "knowing standard".

The "knowing standard" is clearly identified in the legislative history. Thus, we conclude that this was the standard Congress intended to be applied. Old section 1792 was revised and became the current section 1791. The legislative history indicates that Congress adopted the committee's report on proposed section 1791. 130 Cong.Rec. No. 4, S. 264–65 (daily ed. Jan. 26, 1984) (statement of Sen. Laxalt). That report explains that a knowing state of mind requirement will be read into the statute. "[T]he conduct, [provides, introduces, makes, possesses, procures, or otherwise provides] must, at a minimum, be committed knowingly.[72]" Criminal Code Reform Act of 1981, Senate Report No. 97–307, 1st Sess., p. 332. Footnote 72 elaborates, "No state of mind is specified in the section with respect to these elements [of the crime]. Accordingly, under the rule of construction in section 303(b), the state of mind read into the statute for the conduct elements is 'knowing.'" *Id.* p. 332 n. 72.

In reliance on prior case law and the legislative history, we conclude that a violation of section 1791 must be committed "knowingly." The trial court instructed the jury on the applicable definition of that term. Perceval admitted that he made the object, that it resembled a knife, and that he had possessed it for two weeks prior to being caught by the shop supervisor. The jury properly found that he knowingly possessed this weapon-like piece of steel.

### III.

Perceval challenges 18 U.S.C. § 1791 as unconstitutionally vague and overbroad because there is no requirement of intent in the statute. We have held that a knowing standard of intent is a statutory element. Under Perceval's reasoning, criminal statutes without an express re-

quirement of intent are *per se* unconstitutional. This is inconsistent with our system of criminal law in which many codifications of common-law crimes do not mention an intent requirement but have been construed to include intent. *Morissette, supra.* Moreover, Perceval may not challenge the statute when his conduct is clearly covered by it. *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974).

AFFIRMED.