FILED
United States Court of Appeals
Tenth Circuit

August 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD RICKETTS,

Defendant - Appellant.

No. 12-6087

(W.D. Oklahoma)

(D.C. No. 5:86-CR-00103-M-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Petitioner Richard Ricketts appeals the denial of his pro se petition for *writ of error coram nobis*, *see* 28 U.S.C. § 1651(a); *United States v. Morgan*, 346 U.S. 502 (1954), by the United States District Court for the Western District of Oklahoma. We have jurisdiction under 28 U.S.C. § 1291 and affirm because Petitioner has not shown that the remedy provided by 28 U.S.C. § 2255 was unavailable or inadequate.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Petitioner pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute amphetamine, *see* 21 U.S.C. § 846, and was sentenced on August 28, 1986, to 12 years' imprisonment. He did not appeal or file a motion under 28 U.S.C. § 2255. On December 2, 2011, long after he had completed serving his sentence, he filed his *coram nobis* petition challenging his conviction as unconstitutional on various grounds, including the Tenth Amendment. Without reaching the merits of Petitioner's claims, the district court denied the petition, holding that Petitioner could not use a *coram nobis* petition to challenge his conviction because he had failed to show, or even assert, that the remedy provided by 28 U.S.C. § 2255 was unavailable or inadequate. Petitioner then filed a motion for reconsideration under Fed. R. Civ. P. 59(e), which the court also denied.

On appeal Petitioner argues that the district court improperly denied his petition without reaching the merits of his claim. But, as the district court noted, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted); *see United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011). Petitioner argues that a § 2255 motion was not available to him because he lacked standing to bring his Tenth Amendment claim until the Supreme Court's recent decision in *Bond v. United States*, 131 S. Ct. 2355 (2011), at which time he could

not raise a § 2255 motion because he was no longer in custody under the challenged conviction. We are not persuaded.

In *Bond* the Supreme Court held that a defendant indicted for violating a federal statute had standing to challenge the statute's validity on the ground that it intruded on the sovereignty and authority of the States in violation of the Tenth Amendment. *See id.* at 2360, 2367. But the Court made clear that none of its precedents would have barred standing. It stated that "[t]here is no basis in precedent or principle to deny [the defendant's] standing to raise her claims." *Id.* at 2367. Thus, no Supreme Court decision would have prevented Petitioner from raising his claim before the *Bond* decision. His decision to wait for an affirmative statement by the Supreme Court permitting his challenge does not render the remedy under § 2255 unavailable or inadequate. *See Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) (in determining "whether § 2255 [i]s an inadequate or ineffective remedial mechanism for challenging the legality of [a defendant's] detention[,] . . . it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative").

We GRANT Petitioner's motion to file his reply brief out of time and AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge