FILED
United States Court of Appeals
Tenth Circuit

May 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC VASQUEZ,

Defendant - Appellant.

No. 12-4168

(D.C. No. 2:07-CR-00453-TS-1)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Eric Vasquez pleaded guilty to one count of conspiracy to

distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count

of failure to appear, in violation of 18 U.S.C. § 3146(a)(1). The district court

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

sentenced him to concurrent terms of fifteen months' imprisonment on the conviction for failure to appear and ten years' imprisonment on the conspiracy conviction. On June 22, 2012, Vasquez filed a "Petition for Relief Pursuant to Writ of Coram Nobis Under § 1651(a) to Expunge Escape Charge in the Interest of Justice."[1] The court denied the petition and Vasquez appeals. Exercising jurisdiction under 28 U.S.C. § 1291, this court **affirms**.

Vasquez cannot obtain coram nobis relief unless he demonstrates "due diligence in bringing [his] claims, that other remedies are unavailable or inadequate, and that the underlying trial error was fundamental, meaning the error resulted in a complete miscarriage of justice." *United States v. Thody*, 460 F. App'x 776, 778 (10th Cir. 2012) (unpublished disposition) (citing *United States v. Morgan*, 346 U.S. 502, 511-12 (1954)). Here, the district court denied relief because Vasquez failed to show that 28 U.S.C. § 2255 was unavailable or inadequate.

At the time Vasquez filed his coram nobis petition, he was no longer in custody on the failure-to-appear conviction and, thus, he could no longer file a motion pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(a) (providing movant must be "in custody" to pursue relief under § 2255); *Mays v. Dinwiddie*, 580 F.3d 1136, 1141 (10th Cir. 2009) (holding petitioner who was still serving the longer

---

[1]As the Government correctly notes, Vasquez was not convicted of escape.

of two concurrent sentences was no longer "in custody" on the shorter sentence once the shorter sentence expired). Vasquez has nevertheless failed to show that relief under § 2255 was unavailable or would have been inadequate. *See Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011) holding § 2255 is inadequate or ineffective only if the remedy itself is infirm, "not the failure to use it or to prevail under it"); *see also United States v. Ricketts*, 494 Fed. App'x 876, 877 (10th Cir. 2012) (unpublished disposition) (evaluating whether § 2255 was available to movant while he was still in custody); *United States v. Lester*, 453 Fed. App'x 810, 811 (10th Cir. 2011) (unpublished disposition) (same); *cf. Rawlins v. Kansas*, No. 12-3138, 2013 WL 1799992 (10th Cir. April 30, 2013) (noting 28 U.S.C. § 2254 was not available to petitioner seeking writ of coram nobis because the state courts did not complete post-conviction review until "long after" petitioner's sentence expired).

In his coram nobis petition, Vasquez asserts his plea was not knowing and voluntary because of the ineffective assistance of his counsel. On appeal, he appears to assert he could not bring this claim under § 2255 because his written plea agreement contains a waiver of his appellate and post-conviction rights. This argument is unavailing because the waiver did not prevent Vasquez from filing a § 2255 motion challenging the validity of his plea agreement while he was still in custody on the failure-to-appear conviction. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (holding this type of § 2255 claim goes "to the

validity of the plea agreement itself . . . and so the waiver [of appellate rights] cannot preclude the claim"); *cf. United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.").

Because Vasquez has failed to show he could not have raised his claims in a 28 U.S.C. § 2255 motion, he may not challenge his conviction or sentence through a writ of coram nobis. The judgment of the district court is **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge