**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRIAN PATRICK SPENSER
PERCEVAL,

    Defendant - Appellant.

No. 13-6264
(D.C. No. 5:85-CR-00206-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Brian Patrick Spenser Perceval appeals the denial of his request for coram nobis

relief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

In October 1985, Perceval was convicted of possessing a homemade knife in prison, in violation of 18 U.S.C. § 1791(a)(2).  He was sentenced to one year of imprisonment, consecutive to the sentence he was then serving.  Perceval challenged his conviction on appeal, and this court summarized the issues he raised as follows:

> (1) the trial court erred in refusing to grant his motion to dismiss because the evidence was insufficient to sustain a conviction on the grounds that there was no intent; (2) what intent, if any, is required by one violating 18 U.S.C. § 1791; (3) the jury must be instructed that it must find beyond a reasonable doubt that the object in question was made by the appellant with the purpose of being used as a weapon or as a means of facilitating escape; and (4) whether the statute is vague and overly broad because there is no requirement of intent.

United States v. Perceval, 803 F.2d 601, 602 (10th Cir. 1986).  His conviction was affirmed.  Id. at 604.  Perceval proceeded to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which the district court denied.  His motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), arguing that he could not have been convicted under the recently amended 18 U.S.C. § 1791, was also denied.  This court affirmed both denials.

In August 2013, Perceval petitioned for a writ of error coram nobis.  He revealed that in May 2012, he was arrested and eventually pled guilty to attempted assault.  The district attorney planned to pursue sentence enhancements based in part on his 1985

conviction. Perceval's petition alleged that his conviction should have required a showing of intent and that applying sentence enhancements on the basis of that offense was incompatible with the interests of justice.

The district court denied Perceval's request for coram nobis relief. It concluded that Perceval had not been diligent in pursuing a remedy, as "he now asserts essentially the same argument that he made on appeal in 1985 and in subsequent post-conviction motions shortly thereafter." The court also stated that Perceval "failed to show that other remedies are inadequate," and could not "establish that the claimed error on which he relies resulted in a miscarriage of justice."

## II

On appeal, Perceval argues that he was diligent in pursuing relief because he was not aware that his 1985 conviction could result in sentence enhancements on a later conviction until June 2012. He also argues that, but for an improper jury instruction, he likely would not have been convicted, although he does not deny possessing the weapon. Finally, he contends that he was improperly singled out for selective prosecution. Because Perceval proceeds pro se, we construe his filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We do not, however, "assume the role of advocate." Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

"A petition for a writ of coram nobis provides a way to collaterally attack a

-3-

criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief . . . ." Chaidez v. United States, 133 S. Ct. 1103, 1106 n.1 (2013). Perceval "cannot obtain coram nobis relief unless he demonstrates due diligence in bringing his claims, that other remedies are unavailable or inadequate, and that the underlying trial error was fundamental, meaning the error resulted in a complete miscarriage of justice." United States v. Vasquez, 515 F. App'x 757, 758 (10th Cir. 2013) (unpublished) (quotation and alteration omitted); see also United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994) (coram nobis petitioner must assert actual innocence). "[C]oram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition." Klein v. United States, 880 F.2d 250, 254 n.1 (10th Cir. 1989). "When reviewing a denial of a coram nobis petition, we review questions of law de novo, but review the district court's decision to deny the writ for an abuse of discretion." United States v. Lester, No. 13-3278, 2014 WL 814974, at *2 (10th Cir. Mar. 4, 2014) (unpublished) (quotation omitted).

Perceval is not entitled to coram nobis relief. As the government notes, he has not challenged the district court's conclusion that the remedies available to him—including appeal and the § 2255 petition—were adequate. See Vasquez, 515 F. App'x at 758. We can affirm on that basis alone. See id. Moreover, in his initial appeal, Perceval admitted that he possessed an "object and that it looked like a knife." Perceval, 803 F.2d at 601, 603. Although Perceval now argues that he may not have been found guilty if he had

-4-

been retried, he does not deny possessing the weapon.  Under these circumstances, we cannot conclude that the alleged errors resulted "in a complete miscarriage of justice," nor that we are compelled to grant the writ "to achieve justice."  Bustillos, 31 F.3d at 934 (granting the writ was not appropriate in case in which "defendant d[id] not assert his innocence of the charge to which he pleaded guilty").

### III

**AFFIRMED**.  Perceval's motion to supplement the record is **DENIED**.  His motion to proceed in forma pauperis on appeal is **GRANTED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

-5-